JiDECUIR, Judge.
This is an appeal from a judgment in a worker’s compensation case wherein the hearing officer found that plaintiffs heart attack was a compensable injury. We reverse.
FACTS
On October 22, 1993, claimant, Tony Gill, was employed as a heavy equipment diesel mechanic by defendant, Tanner Heavy Equipment. Gill’s duties, both in the shop and in the field, included undercarriage work, such as putting tracks on trackhoes and other heavy equipment. On the day Gill suffered his heart attack, he had been replacing a track on a Mitsubishi 280 trackhoe, one of one hundred and fifty pieces of machinery which he was responsible in some part for maintaining. He had performed this same task approximately ten to twelve times during the previous week using a metal pry bar and on some occasions the assistance of a bulldozer. This activity is common to diesel mechanics, though it is unusual for one machine to have the problem so many times in one week.
In any event, shortly after completing one of these replacements, Gill complained of pain in his stomach and arm. His supervisor volunteered to take him home, but when he realized the condition was serious, he rushed Gill to the hospital at Fort Polk. Gill was subsequently transferred ^to St. Frances Cabrini Hospital in Alexandria where he was seen by Dr. Craig Pearce, a cardiologist. Dr. Pearce diagnosed Gill as having suffered a heart attack.
Six months prior to going to work for Tanner, Gill was diagnosed as having high blood pressure for which he began taking medication. Gill’s mother died of a heart attack when she was one year older than Gill was at the time of the accident. In addition, Gill’s sister suffers from heart problems. Gill is overweight and has had a 1⅜ pack-a-day cigarette smoking habit for eighteen years. Finally, in describing his attack to Dr. Pearce, Gill indicated that he was doing his usual work at the time.
Dr. Pearce presented the only medical evidence and was stipulated to be an expert in the field of cardiology. Dr. Pearce found that the most likely cause of Gill’s heart attack was a combination of his predisposing factors and a family history of premature coronary disease. Dr. Pearce specifically stated that he did not believe Gill’s heart attack was work-related. Gill’s co-workers testified that the job task Gill was undertaking was not extraordinary but that the frequency of repair to the one machine was unusual.
The hearing officer found that Gill had proved by clear and convincing evidence that his heart attack was work-related and therefore awarded worker’s compensation benefits. Defendant lodged this appeal.
DISCUSSION
The sole issue presented for our consideration is whether Gill has met the burden of proof required of heart-attack claimants seeking worker’s compensation benefits. Effective January 1, 1990, the legislature defined these requirements by enacting La.R.S. 23:1021(7)(e). In enacting this statute, the legislature made it more difficult for a claimant to prove a heart-related injury suffered on the job is compensable. The statute: 1) heightens the claimant’s burden of proof to clear and convincing evidence; 2) requires that a claimant show that his physical work stress is extraordinary and unusual when compared to the work stress of the average employee in that occupation; and 3) requires that the physical work stress be the predomi *613 nant and major cause of the heart-related injury. Harold v. La Belle Maison Apartments, 94-0889 (La. 10/17/94), 643 So.2d 752.
Gill testified at the hearing that the work he was doing prior to his heart attack was extraordinary and unusual. However, at the hospital when consulting Dr. Pearce, he claimed that Rhe was doing his usual work. Gill’s co-workers testified that replacing the track on a trackhoe was not extraordinary or unusual, though they acknowledged that it was unusual for a machine to require repair ten or more times in one week. Based on this testimony, the hearing officer concluded that Gill had proven by clear and convincing evidence that his work stress was extraordinary and unusual. We disagree.
The hearing officer focused primarily on the frequency of the repairs to the specific machine on which Gill was working at the time of his attack. This analysis is flawed. The question is whether the claimant’s overall work stress is extraordinary or unusual. It is neither extraordinary nor unusual for a diesel mechanic to repair heavy equipment at a job site. That is the sole reason Gill was hired by Tanner. If it were extraordinary or unusual for equipment to break, it would be unnecessary for Tanner to keep Gill and at least one other mechanic on their payroll.
Gill had the burden of proving by clear and convincing evidence that his stress or exertion was unusual when compared to others in his occupation. He called no witness to testify about the extent of an average heavy equipment mechanic’s stress or exertion.
As an appellate court, we have full and complete jurisdiction to review facts as well as law in the cases before us. Roddy v. Crawford, 618 So.2d 1229 (La.App. 3 Cir. 1993). Because we have this duty, we have every right to determine whether a judgment is clearly wrong based on the evidence, or clearly without evidentiary support. Ambrose v. New Orleans Police Dep’t Ambulance Serv., 93—3099, 93—3110, 93—3112 (La. 7/5/94), 639 So.2d 216. In fulfilling our duty, we must review the record in its entirety, not just to find some evidence to support or controvert the fact finder’s determinations. Stobart v. State Through Dep’t of Transp. & Dev., 617 So.2d 880 (La.1993). The issue we should resolve is whether the fact finder’s conclusion is a reasonable one. Stobart, 617 So.2d 880.
We have reviewed the entire record and find that the hearing officer was clearly wrong in concluding that Gill proved by clear and convincing evidence that the work stress he experienced was extraordinary and unusual for someone in his occupation. This alone defeats Gill’s claim for compensation. However, we note that the hearing officer also erred by substituting his own opinion on causation for that of the medical expert. There is absolutely no medical evidence in the record to controvert Dr. Pearce’s conclusion that Gill’s heart attack was caused by his predisposing | conditions and family history of premature coronary disease. The hearing officer’s conclusion to the contrary is clearly wrong.
For the foregoing reasons, the judgment of the Office of Worker’s Compensation hearing officer is reversed. All costs of this appeal are assessed against claimant, Tony Gill.
REVERSED.